**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50557 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00902-SJO-1 |
| v. | |
| WILSON ERICK MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 9, 2009[**]
Pasadena, California

Before:    W. FLETCHER and CLIFTON, Circuit Judges, and SINGLETON,
Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

[***] Honorable James K. Singleton, Jr., Senior United States District Judge,
District of Alaska, sitting by designation.

Wilson Erick Martinez appeals from the 37-month sentence imposed following his guilty plea conviction for illegal reentry following deportation. 8 U.S.C. § 1326. We have jurisdiction over Martinez's timely-filed appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Martinez contends that the district court abused its discretion by refusing to accept the parties' binding plea agreement and committed plain error by failing to articulate case-specific reasons for rejecting the bargained-for sentence of 30 months and imposing instead a 37-month sentence. The parties anticipated that Martinez would be in a criminal history category of III and an offense level of 17, generating a Guidelines sentence of 30 to 37 months. They effectively stipulated to a low-end sentence of 30 months, but the court sentenced at the high end–37 months. We conclude that the district court did not abuse its discretion. *See In re Morgan*, 506 F.3d 705, 711-12 (9th Cir. 2007).

Martinez argues that the sentence is unreasonable because the district court failed to adequately consider and address the § 3553(a) factors and disregarded his evidence that numerous fast track plea agreements had been accepted where defendants with worse records received low-end sentences. We conclude that the district court did not procedurally err, and that the sentence imposed is substantively reasonable. *See Gall v. United States*, 552 U.S. 38 (2007). Given the

2

context in which the sentence was imposed, we also conclude that the district court adequately communicated to the parties its reasons for preferring a 37-month sentence to the stipulated 30-month sentence. *See also United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Martinez argues that the district court plainly erred by including in the written judgment a condition of supervised release not mentioned in the oral pronouncement of sentence.[1] The government confesses error and agrees to a remand to allow striking the offending provision. *See Casey v. United States*, 343 U.S. 808 (1952) (per curiam) (while a confession of error is not binding on the court, it is entitled to great weight particularly where the case is resolved by a non-precedential opinion). We accept the confession of error and remand, directing that the condition be struck. We recognize that the condition to which objection is made was expressly agreed to in the binding plea agreement. The district court rejected the agreement, however, and we cannot rely upon it.

---

[1] The offending condition is found in the binding plea agreement (ER 10) and provides: "The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer[.]" ER 70, condition 5.

3

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** to the district court for further proceedings consistent with this decision.